# Exhibit 1

Filed
D.C. Superior Court
04/06/2015 12:49PM
Clerk of the Court

**IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | |
|---|---|
| KIRSTEN WEISS<br>Nassauische Strasse 24<br>10717 Berlin<br>Germany | ) <br>)<br>)<br>)<br>) |
|     Plaintiff, | )       **2015 CA 002404 B**<br>) Civ. No. |
|     v. | )<br>) |
| PROJECT CREATE<br>2401 Virginia Avenue NW,<br>Washington, DC 20037-2636 | )<br>)<br>) |
|    Serve:  Christie Walser<br>             2401 Virginia Ave NW<br>             Washington, DC 20037 | )<br>)<br>) |
| CHRISTIE WALSER<br>5215 Nahant Street<br>Bethesda, MD 20816 | )<br>)<br>) |
| KIRA MARCHENESE<br>1725 17th St NW Apt 112<br>Washington, DC 20009-2414 | )<br>)<br>) |
| JOHN DOES 1-10 (*being the fictitious names of*<br>*persons who are not presently known to Plaintiff*), | )<br>)<br>) |
|     Defendants. | )<br>) |

## COMPLAINT AND JURY DEMAND

    Plaintiff Kirsten Weiss, by her attorney, alleges for her Complaint herein:

### PRELIMINARY STATEMENT

    1.     This is a case of clear retaliation. Plaintiff Kirsten Weiss was employed by

Defendant Project Create from February 2014 until August 2014. During her employment,

Plaintiff was subjected to disparate treatment and harassment by her supervisor Defendant

Walser. In conformance with the complaint procedures, Plaintiff lodged a complaint of discrimination and harassment to her employer, Defendant Project Create. Rather than take corrective action, Defendant Project Create instead placed Plaintiff on a performance improvement plan ("PIP") ten (10) days after the complaint of discrimination, and then subsequently terminated Plaintiff. Accordingly, this is an action for Defendants' unlawful employment practices and retaliation against Plaintiff, including Defendant's unlawful discrimination, harassment, and retaliation against Plaintiff because of her race, and because of her repeated complaints about such unlawful discrimination, harassment, and retaliation, in violation of Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981") and in violation of the District of Columbia Human Rights Act, D.C. Code §§ 2-1401 et seq. ("D.C. Human Rights Act").

Plaintiff, through her undersigned counsel hereby alleges the following:

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this claim pursuant to D.C. Code § 11-921(a)(6) and D.C. Code § 2-1403.16.

3.      This Court has personal jurisdiction over the Defendants pursuant to D.C. Code § 13-423(a)(1)-(4).

4.      The acts alleged in this Complaint occurred in the District of Columbia and therefore venue is proper in this district.

## PARTIES AND RELEVANT PERSONS

5.      Plaintiff Kirsten Weiss is a white  individual who is currently residing in Germany. Ms. Weiss was employed by Project Create from February 2014 until August 2014. Ms. Weiss had a contract of employment with Project Create.

6.     Defendant Project Create is a non-profit organization formed and organized under the laws of the District of Columbia with its principal place of business located at 2401 Virginia Ave, NW, Washington, DC 20036.  Project Create conducts substantial business activities in the District of Columbia.  At all times relevant herein, Project Create was the employer for Plaintiff Kirsten Weiss.

7.     Defendant Christie Walser is an individual employed by Project Create in the District of Columbia.  At all times relevant herein, Defendant Walser was the Executive Director at Project Create and the supervisor for Ms. Weiss.  Upon information and belief, Defendant Walser is a resident of the state of Maryland.   At all times relevant herein, Defendant Walser was acting within the scope of her employment as the Executive Director of Project Create.

8.     Defendant Kira Marchenese is an individual who, at all times relevant herein, served as the Board Chairperson for Project Create.  Upon information and belief, Defendant Marchenese is a resident of the District of Columbia.   At all times relevant herein, Defendant Marchenese was acting within the scope of her employment and/or agency as the Board Chairperson for Project Create.  Moreover, Defendant Marchenese fostered, accepted, ratified, and/or otherwise failed to prevent or to remedy a hostile work environment that included, among other things, severe and pervasive harassment of Plaintiff because of her race and/or color  At all times relevant herein, Defendant Marchenese aided and abetted, invited, and/or compelled Defendant Walser in committing Defendant Walser's discriminatory and retaliatory conduct.

9.     Upon information and belief, defendants John Does 1-10 are fictitious names of persons who are not presently known to Plaintiff who were employed by Project Create or acted as representatives or agents of Project Create.

3

## FACTS COMMON TO ALL COUNTS

10.     Project Create is a non-profit organization which describes itself as providing "accessible arts education to promote positive development in children, youth and families experiencing homelessness and poverty in Washington, D.C." To fulfill this mission, Project Create provides after-school arts programs to children in the District of Columbia who are suffering from homelessness and poverty.

11.     On or about January 31, 2014, Plaintiff was hired by Project Create as the Director of Programs and Community Partnerships.   The Director of Programs and Community Partnerships is responsible, *inter alia*, to "provide program management and evaluation, management and evaluation, management of community partnerships, fundraising and development support, advocacy support and overall program support to Project Create's Executive Director [, Defendant Walser]."

12.     At all times relevant herein, Ms. Weiss satisfactorily fulfilled her responsibilities as the Director of Programs and Community Partnerships.

13.     Soon after beginning her employment, Ms. Weiss became subjected to the severe and pervasive racially hostile environment that existed through Defendant Walser's racially charged statements in the following specific respects and without limitation:

> (a) On or about February 19, 2014, Defendant Walser stereotyped the minority students from the Cesar Chavez charter school as "those kids" who don't behave as well as the students in Bethesda. Defendant Walser further generalized that the minority students from Cesar Chavez were "closed off and not engaged" compared to the students from Bethesda.

> (b) On or about February 21, 2014, Defendant Walser accused a black teacher of stealing a cameras without any substantiation for the accusation other than that the cameras were missing. Defendant Walser used this unsubstantiated accusation as the basis to threaten to terminate the black teacher. Ms. Weiss complained to Defendant Walser that her treatment of the black teacher and threat to terminate was inappropriate.

4

(c) In or about March 2014, Defendant Walser stated that she wished to open a new studio in Anacostia and that it would be an "open studio" for the public. Ms. Weiss complained that an "open studio" was inconsistent with the mission of Project Create and its grant funding, which was to solely serve homeless and impoverished children. Defendant Walser was dismissive of this complaint and indicated that an "open studio" in Anacostia was consistent with the mission of Project Create, because all residents of Anacostia would be eligible for the services of Project Create. This statement implied that all residents of Anacostia were homeless or impoverished. Ms. Weiss again complained about the inappropriateness of the comment and the "open studio" plan.

14.     Notwithstanding Ms. Weiss' satisfactory job performance, on or about April 9, 2014, Defendant Walser stated to Ms. Weiss that Project Create's budget was being modified in order to hire an outside consultant to develop "programs and community partnerships." "programs and community partnerships" was already a clearly identified responsibility for Ms. Weiss in her position as Director of Programs and Community Partnerships.

15.     On or about April 10, 2014, Ms. Weiss asked why Project Create was considering hiring an outside consultant to perform the duties delegated to Ms. Weiss. Defendant Walser replied that although Ms. Weiss was highly qualified to do "programs and community partnerships," *it was necessary to hire a black consultant because, "there are certain things we cannot do, because we are white."* (emphasis added). Defendant Walser made it clear that a black person was needed to do the Plaintiff's community engagement responsibilities in Anacostia. Defendant Walser later added on April 28 that the black consultant represented the members of t "that neighborhood", even though the consultant was not from Anacostia, or even Washington, DC.

16.     In response to the discriminatory comment by Defendant Walser, on April 10, 2014, Ms. Weiss complained to Defendant Walser that her statement was inappropriate. Defendant Walser replied, "If you go above me, I will fight you." This statement expressly

5

threatened Ms. Weiss not to complain about the discriminatory comment.

17.     Prior to the discriminatory statement made on April 10, 2014, Defendant Walser stated to Defendant Marchenese that "it would be good for Project Create to hire someone black" for the position that Ms. Weiss was hired for.

18.     On April 13, 2014, in an attempt to mitigate her overt discriminatory statement, Defendant Walser wrote to Defendant Weiss, "I heard your request on Friday for an equitable, transparent, and ethical workplace....I'm still processing our conversation on Friday and working hard to accommodate your requests for a professional environment." Defendant Walser instead harassed and retaliated against Defendant Weiss over the next four months for speaking out against the discriminatory comments. During and before this time period, and until Ms. Weiss' termination, Defendant Walser also exhibited discriminatory conduct towards the clients of Project Create.

### Plaintiff's Complaints of Discrimination

19.     On or about April 16, 2014, Ms. Weiss requested a confidential meeting with Defendant Marchenese, the Board Chairperson, to discuss the discriminatory statements made by Defendant Walser and her conduct. This request by Ms. Weiss was in strict conformance with Project Create's "Enforcement of Anti-Discrimination Policies." Again on April 17, 2014, Ms. Weiss repeated her request to Defendant Marchenese to speak confidentially with Defendant Marchenese about Defendant Walser's discriminatory conduct.

20.     On or about April 17, 2014, when Ms. Walser had apparently been informed by Defendant Marchenese that Ms. Weiss had contacted her with a request for a conversation, because Defendant Walser screamed at Ms. Weiss. Defendant Walser then falsely accused Ms. Weiss of misconduct, and threatened termination by saying "there will be consequences."

21.    In conformance with Project Create's "Enforcement of Anti-Discrimination Policies," on April 18, 2014, Ms. Weiss complained via a confidential telephone call to Defendant Marchenese about Defendant Walser's discriminatory conduct.  Specifically, Ms. Weiss complained to Defendant Marchenese about Defendant Walser's statement justifying the proposed reassignment of Plaintiff's responsibilities to a consultant: "there are things we cannot do because we are white."   Ms. Weiss also complained of the disrespectful attitude that Defendant Walser exhibited towards the black mothers whose children participated in Project Create's programs.   Moreover, Ms. Weiss stated to Defendant Marchenese during this April 18, 2014 telephone call that she had serious safety concerns for the children participating in Project Create's programs due to inadequate staffing and training.  Finally, Ms. Weiss advised Defendant Marchenese that Defendant Walser's response to Ms. Weiss' previous complaints had been, "If you go above me, I will fight you" and the threats that "there will be consequences."

### Retaliation and Harassment Against Plaintiff

22.    Defendant Marchenese took no corrective action in response to Plaintiff's complaints of discrimination.  Defendant Marchenese instead told Defendant Walser of Ms. Weiss' complaints. This was in contravention of the confidentiality provision in the "Enforcement of Anti-Discrimination Policies."

23.    On or about April 21, 2014, shortly after Ms. Weiss' complaints of discrimination to Defendant Marchenese, Defendant Walser stated to Ms. Weiss, "I know you talked to Kira [Defendant Marchenese].  That was a bad decision.   Now the board knows... We decided we will put you on a 90 day plan... You will have to find another job."

24.    On or about April 28, 2014, only ten days after complaining of discrimination to Defendant Marchenese, Defendant Walser delivered on her threat of retaliation by placing Ms.

Weiss on a ninety (90) day performance improvement plan ("PIP").

25.     Again, on or about April 28, 2014, Defendant Walser repeated her discriminatory comment that Ms. Weiss could not perform her community partnership responsibilities because Ms. Weiss was "white." Ms. Weiss complained to Defendant Walser stating that it was not appropriate for Defendant Walser to make that statement. Defendant Walser replied that Ms. Weiss was being "unrealistic."

26.     On or about April 30, 2014, Ms. Weiss wrote an email to the members of the Executive Committee of Project Create, including Defendant Marchenese, which stated in part the following:

> On April 28, 2014, I was given a copy of a PIP by Christie [Defendant Walser], a serious event that, again sadly forces me to respond: This is to advise you that what is written about my performance in the PIP is false. Allegations about my performance are untrue and made against me in retaliation for making a complaint of discrimination by Christie Walser both to Christie and to a Board Chairperson Kira Marchenese [sic], that Ms. Walser told me I could not do a community partnership task that is part of my job description "because we [Christie and I] are white" suggesting that only a black person could do this job. This opinion was repeated by Christie in further conversations."

The Executive Committee, including Defendant Marchenese, took no action.

27.     On May 2, 2014, Ms. Weiss again complained to the Project Create Executive Committee about the prior discriminatory acts by Defendant Walser and the subsequent harassment she had been subjected to as a result of the complaints. Specifically, Ms. Weiss wrote to the Executive Committee:

> I just wanted to make you aware of the fact that since my complaint about discriminatory practices and retaliation, I have been subjected to a number of retaliatory actions by Christie.
>
> These include:
> Threats (April 10-30); since April 30, Christie does not greet me or talk to me (in front of [a coworker], who she speaks with, a very difficult situation for [the coworker]; on April 28 I was reassigned to different job duties and effectively

8

demoted; I was told not to speak to my program partners, or attend or plan
meetings (an essential part of my job); interference in my job responsibilities and
excessive monitoring; it seems I am excluded from communications that fall into
my job responsibilities and with program partners; flex-time that was agreed upon
due to long hours and weekend work is not being granted (we had an agreement
that I could take this time on Fridays, and I have family obligations; and so on...
I am trying my best to fulfill any and all responsibilities and requests, old and
new, from Christie but this work environment makes is [sic] difficult if not
impossible for me to fulfill my job description and/or the new work plan I was
given on April 28.
Most importantly, all of this is damaging to Project Create.
I would appreciate any help with this matter.

The Executive Committee, including Defendant Marchenese, took no action.

      28.     On May 4, 2014, Ms. Weiss pleaded again with the Executive Committee to

intervene on her behalf. Specifically, Ms. Weiss wrote to the members of the Executive

Committee:

> Dear Executive Committee,
>
> Since my complaints about discriminatory practices and retaliation, I have been subjected
> to even more severe and pervasive retaliatory actions and harassment by Christie.
>
> This negatively affects me as well as other staff and program partners and is damaging to
> Project Create's reputation, mission, and goals.
>
> I am dedicated to serve Project Create's mission and to fulfill any and all professional
> responsibilities and requests, old and new.
>
> Due to actions and changing supervisory orders by Christie however, it is not possible to
> fulfill my job duties and it appears that I am being set up not to be able to meet my duties.
>
> I would appreciate any help with this matter and would like to request a confidential
> conversation.
>
> I have kept my concerns confidential in order to protect Project Create.
>
> Thank you,
>
> Kirsten

The Executive Committee, including Defendant Marchenese, took no action.

      29.     The Executive Committee failed to take any action or provide a meaning response

to Ms. Weiss until May 7, 2014. On May 7, 2014, Ms. Weiss spoke with two members of the

Executive Committee to investigate Ms. Weiss' complaints of discrimination. After conducting

an illusory "investigation," on June 6, 2014, Defendant Marchenese called Ms. Weiss to tell her

there was no discrimination or retaliation. At all times during the illusory "investigation," Ms.

Weiss continued to be subjected to a hostile environment, harassment, and discrimination by

Defendant Walser in the following specific respects and without limitation:

    (a)    Plaintiff was directed by Defendant Walser to not to speak to her program partners, or attend or plan meetings which was a core responsibility for Ms. Weiss' position.

    (b)    Defendant Walser intentionally interfered with Ms. Weiss' performance of her responsibility by excluding Ms. Weiss from communications and withholding materials necessary for her to perform her job.

    (c)    Defendant Walser subjected Ms. Weiss to excessive monitoring in the performance of her job to which other employees were not.

    (d)    Defendant Walser rescinded Ms. Weiss' flex-time benefit;

    (e)    Defendant Walser denied Ms. Weiss privileges that were granted to other employees, including privileges such as extra compensation, breaks, andworking off-site.

    (f)    Prior to Ms. Weiss' complaint of discrimination she had the "privilege" of working off-site. This "privilege" afforded to other employees was revoked by Defendant Walser after her complaint of discrimination

    (g)    Defendant Walser constantly provided unjustified criticisms of Ms. Weiss unrelated to her job performance.

    (h)    Defendant Walser effectively demoted Ms Weiss by refusing to give her assignments consistent with her position and taking away Ms. Weiss' job responsibilities.

30.    On or about August 11, 2014, Defendant Project Create, by and through

Defendants Walser and Marchenese, terminated Ms. Weiss. Ms. Weiss requested the reason for

her termination. Defendant Walser stated that Ms. Weiss was being terminated for

"communications issues." Defendant Marchenese stated that Ms. Weiss was an at-will employee

so that no reason needed to be provided.

31.    Shortly after Ms. Weiss' termination, and just as Defendant Walser intended from

the outset, Defendant Walser replaced Ms. Weiss with a black employee.

## COUNT I
## DISCRIMINATION AND DISPARATE TREATMENT IN VIOLATION OF THE DC HUMAN RIGHTS ACT, D.C. CODE §§ 2-1401 *et seq.*

32.    Plaintiff realleges and incorporate by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

33.    Defendants discriminated against Plaintiff on the basis of her race and/or color (White) in violation of D.C. Code §§ 2-1401 *et seq.* by denying her the same terms and conditions of employment available to individuals who are not white, including but not limited to, subjecting her to disparate working conditions and denying her the opportunity to work in an employment setting free of unlawful harassment.

34.    By virtue of the discriminatory, harassing, reckless, wrongful, willful and malicious treatment of the Plaintiff by the Defendants because of Plaintiff's race and the denial of equal opportunity, terms, conditions, and perquisites of employment, the Defendants violated the laws of the District of Columbia as set forth in D.C. Code §§ 2-1401 *et seq.*.

35.    As a result of Defendants' discriminatory, harassing, reckless, unlawful, wanton and malicious conduct and the racially hostile environment Plaintiff suffered discrimination in violation of D.C. Code §§ 2-1401 *et seq.* including non-economic and economic damages.

36.    By virtue of the foregoing, Plaintiff seeks affirmative relief which may include, but is not limited to, requiring Defendants to post the avenues to address complaints of workplace harassment, discrimination, and retaliation, requiring Defendant's employees and defendants to undergo  discrimination and retaliation training, and any other equitable relief as the Court deems appropriate, compensatory damages, attorneys fees, costs and disbursements of this action.

37.    WHEREFORE, Plaintiff prays for relief in the form of a judgment against

Defendants, jointly and severally, by awarding (1) compensatory damages; (2) equitable relief, including back pay and front pay; (3) costs and attorney's fees; (4) punitive damages, and (5) any other relief the Court deems proper.

**COUNT II**
**HOSTILE WORK ENVIRONMENT IN VIOLATION**
**OF THE DC HUMAN RIGHTS ACT, D.C. CODE §§ 2-1401 *et seq.***

38.     Plaintiff realleges and incorporate by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

39.     By reason of the foregoing, defendants have violated the laws of the District of Columbia as set forth in Code §§ 2-1401 *et seq.*

40.     At all times during Plaintiff's employment, a severe and pervasive hostile environment existed. Defendants Project Create and Marchenese fostered, accepted, ratified, and/or otherwise failed to prevent or to remedy a hostile work environmental that included, among other things, severe and pervasive harassment of Plaintiff because of her race and/or color.

41.     The discriminatory, harassing, reckless, wrongful, willful and malicious treatment of the Plaintiff by the Defendants because of race and the denial of equal opportunity, terms, conditions, and perquisites of employment created a hostile work environment of racial harassment and were in violation thereof.

42.     As a result of Defendants' discriminatory, harassing, reckless, unlawful, wanton and malicious conduct and the racially hostile environment Plaintiff was forced to endure, each suffered emotional, non-economic and economic damage.

43.     Plaintiff seeks affirmative relief which may include, but is not limited to, requiring Defendants to post the avenues to address complaints of workplace harassment, discrimination, and retaliation, requiring Defendant's employees and Defendants to undergo harassment,

12

discrimination and retaliation training, and any other equitable relief as the Court deems appropriate.

44.    WHEREFORE, Plaintiff prays for relief in the form of a judgment against Defendants, jointly and severally, by awarding (1) compensatory damages; (2) equitable relief, including back pay and front pay; (3) costs and attorney's fees; (4) punitive damages; and (5) any other relief the Court deems proper.

## COUNT III
## RETALIATION IN VIOLATION OF THE
## DC HUMAN RIGHTS ACT D.C. CODE § 2-1402.61.

45.    Plaintiff realleges and incorporate by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

46.    By reason of the foregoing, Defendants retaliated against Plaintiff and thereby violated laws of the District of Columbia as set forth in D.C. Code §§ 2-1401 *et seq.*

47.    The harassing, reckless, wrongful, willful and malicious treatment of the Plaintiff, by the Defendants solely because Plaintiff made complaints of discrimination and objected to discriminatory conduct and/or participated in a claim of discrimination, or was a witness to discrimination; constitutes denial of equal opportunity, terms, conditions, and perquisites of employment and is retaliation with the meaning of the law of the District of Columbia by violating D.C. Code §§ 2-1401 *et seq.*

48.    As a result of Defendants' harassing, reckless, unlawful, wanton and malicious retaliatory conduct Plaintiff suffered non-economic and economic damages.

49.    Plaintiff seeks affirmative relief which may include, but is not limited to, requiring Defendants to post the avenues to address complaints of workplace harassment, discrimination, and retaliation, requiring defendant's employees and defendants to undergo harassment, discrimination and retaliation training, and any other equitable relief as the Court deems

appropriate.

50.     WHEREFORE, Plaintiff prays for relief in the form of a judgment against

Defendants, jointly and severally, by awarding (1) compensatory damages; (2) equitable relief,

including back pay and front pay; (3) costs and attorney's fees; (4) punitive damages;, and (5)

any other relief the Court deems proper.

**COUNT IV**
**DISPARATE TREATMENT IN VIOLATION OF 42 U.S.C. § 1981**

51.     Plaintiff realleges and incorporate by reference the allegations contained in the

preceding paragraphs of this Complaint as if fully set forth herein.

52.     Defendants discriminated against Plaintiff on the basis of her race and/or color

(White) in violation of 42 U.S.C. § 1981 by denying her the same terms and conditions of

employment available to individuals who are not white, including but not limited to, subjecting

her to disparate working conditions and denying her the opportunity to work in an employment

setting free of unlawful harassment.

53.     By virtue of the discriminatory, harassing, reckless, wrongful, willful and

malicious treatment of the Plaintiff by the Defendants because of Plaintiff's race and the denial

of equal opportunity, terms, conditions, and perquisites of employment, the Defendants violated

the laws of the United States of America as set forth in 42 U.S.C. § 1981.

54.     As a result of Defendants' discriminatory, harassing, reckless, unlawful, wanton

and malicious conduct and the racially hostile environment Plaintiff suffered discrimination in

violation of 42 U.S.C. § 1981 including non-economic and economic damages.

55.     By virtue of the foregoing, Plaintiff seeks affirmative relief which may include,

but is not limited to, requiring Defendants to post the avenues to address complaints of

workplace harassment, discrimination, and retaliation, requiring Defendant's employees and

defendants to undergo  discrimination and retaliation training, and any other equitable relief as

the Court deems appropriate, compensatory damages,  attorneys fees, costs and disbursements of

this action.

56.     WHEREFORE, Plaintiff prays for relief in the form of a judgment against

Defendants, jointly and severally, by awarding (1) compensatory damages; (2) equitable relief,

including back pay and front pay; (3) costs and attorney's fees; (4) punitive damages; and (5) any

other relief the Court deems proper.

**COUNT V**
**HOSTILE WORK ENVIRONMENT IN VIOLATION**
**OF 42 U.S.C. § 1981**

57.     Plaintiff realleges and incorporate by reference the allegations contained in the

preceding paragraphs of this Complaint as if fully set forth herein.

58.     By reason of the foregoing, defendants have violated the laws of the United States

as set forth in 42 U.S.C. § 1981.

59.     At all times during Plaintiff's employment, a severe and pervasive hostile

environment existed.  Defendants Project Create and Marchenese fostered, accepted, ratified,

and/or otherwise failed to prevent or to remedy a hostile work environmental that included,

among other things, severe and pervasive harassment of Plaintiff because of her race and/or

color.

60.     The discriminatory, harassing, reckless, wrongful, willful and malicious treatment

of the Plaintiff by the Defendants because of race and the denial of equal opportunity, terms,

conditions, and perquisites of employment created a hostile work environment of racial harassment

and were in violation thereof.

61.     As a result of Defendants' discriminatory, harassing, reckless, unlawful, wanton and malicious conduct and the racially hostile environment Plaintiff was forced to endure, each suffered emotional, non-economic and economic damage.

62.     Plaintiff seeks affirmative relief which may include, but is not limited to, requiring Defendants to post the avenues to address complaints of workplace harassment, discrimination, and retaliation, requiring Defendant's employees and Defendants to undergo harassment, discrimination and retaliation training, and any other equitable relief as the Court deems appropriate.

63.     WHEREFORE, Plaintiff prays for relief in the form of a judgment against Defendants, jointly and severally, by awarding (1) compensatory damages; (2) equitable relief, including back pay and front pay; (3) costs and attorney's fees; (4) punitive damages; and (5) any other relief the Court deems proper.

## COUNT VI
## RETALIATION IN VIOLATION OF 42 U.S.C. § 1981

64.     Plaintiff realleges and incorporate by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

65.     By reason of the foregoing, Defendants retaliated against Plaintiff and thereby violated laws of the United States as set forth in 42 U.S.C. § 1981.

66.     The harassing, reckless, wrongful, willful and malicious treatment of the Plaintiff, by the Defendants solely because Plaintiff made complaints of discrimination and objected to discriminatory conduct and/or participated in a claim of discrimination, or were a witness to discrimination; constitutes denial of equal opportunity, terms, conditions, and perquisites of employment and is retaliation with the meaning of the law of the United States under 42 U.S.C. § 1981.

16

67.     As a result of Defendants' harassing, reckless, unlawful, wanton and malicious retaliatory conduct Plaintiff suffered non-economic and economic damages.

68.     Plaintiff seeks affirmative relief which may include, but is not limited to, requiring Defendants to post the avenues to address complaints of workplace harassment, discrimination, and retaliation, requiring defendant's employees and defendants to undergo harassment, discrimination and retaliation training, and any other equitable relief as the Court deems appropriate.

69.     WHEREFORE, Plaintiff prays for relief in the form of a judgment against Defendants, jointly and severally, by awarding (1) compensatory damages; (2) equitable relief, including back pay and front pay; (3) costs and attorney's fees; (4) punitive damages; and (5) any other relief the Court deems proper.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief in the form of a judgment against Defendant awarding punitive damages and any other relief the Court deems proper and just.  Plaintiff prays for judgment against Defendants against Defendants, jointly and severally, by awarding (1) compensatory damages; (2) equitable relief, including back pay and front pay; (3) costs and attorney's fees; (4) punitive damages, and (5) any other relief the Court deems proper

### JURY AND TRIAL DEMAND

Plaintiff hereby demands a trial by jury with respect to each claim in this Complaint.

Respectfully submitted,

_____
Brendan Klaproth (D.C. Bar No. 999360)
Klaproth Law PLLC
406 5th Street NW
Suite 350

Washington, DC 20001
Telephone: 202-618-2344
Email: Bklaproth@klaprothlaw.com
*Attorney for Plaintiff*



Form CA 1-A: Notice and Acknowledgment for Service by Mail

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

**Kirsten Weiss**   *Plaintiff(s)*

v.                                         Case No:   2015 CA 002404 B

**Project Create, Christie Walser, & Kira Marchenese**
             *Defendant(s)*

### NOTICE

To (insert name and address of the party to be served):

Christie Walser
5215 Nahant Street
Bethesda, MD 20816

The enclosed summons, complaint and initial order are served pursuant to Rule 4(c)(4) of the Superior Court Rules of Civil Procedure.

You must sign and date the Acknowledgement (below). If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate next to your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate next to your signature your authority.

If you do not complete and return the form to the sender within twenty (20) days after it has been mailed, you (or the other party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons, complaint and initial order in any other manner permitted by law.

If you do complete and return this form, you (or the other party on whose behalf you are being served) must answer the complaint within twenty (20) days after you have signed, dated and returned the form. If you fail to do so, judgment by default may be entered against you for the relief demanded in the complaint.

This Notice and Acknowledgment of Receipt of Summons, Complaint and Initial Order was mailed on (insert date): _____4/8/2015_____ .

_____                    _____4/8/2015_____
*Signature*                                         *Date of Signature*

### ACKNOWLEDGMENT OF RECEIPT OF SUMMONS, COMPLAINT, AND INITIAL ORDER

I (print name) _____ received a copy of the summons, complaint and initial order in the above captioned matter at (insert address): _____
                                                 _____
                                                 _____

_____    _____    _____
*Signature*                         *Relationship to Defendant/Authority*    *Date of Signature*
                                    *to Receive Service*

Form CA 1-A: Notice and Acknowledgment for Service by Mail



## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

**Kirsten Weiss**   *Plaintiff(s)*

v.                                        Case No:   2015 CA 002404 B

**Project Create, Christie Walser, & Kira Marchenese**
*Defendant(s)*

### NOTICE

To (insert name and address of the party to be served):

Christie Walser
5215 Nahant Street
Bethesda, MD 20816

The enclosed summons, complaint and initial order are served pursuant to Rule 4(c)(4) of the Superior Court Rules of Civil Procedure.

You must sign and date the Acknowledgement (below). If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate next to your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate next to your signature your authority.

If you do not complete and return the form to the sender within twenty (20) days after it has been mailed, you (or the other party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons, complaint and initial order in any other manner permitted by law.

If you do complete and return this form, you (or the other party on whose behalf you are being served) must answer the complaint within twenty (20) days after you have signed, dated and returned the form. If you fail to do so, judgment by default may be entered against you for the relief demanded in the complaint.

This Notice and Acknowledgment of Receipt of Summons, Complaint and Initial Order was mailed on (insert date): _____4/8/2015_____ .

_____                    _____4/8/2015_____
*Signature*                                    *Date of Signature*

### ACKNOWLEDGMENT OF RECEIPT OF SUMMONS, COMPLAINT, AND INITIAL ORDER

I (print name) _____ received a copy of the summons, complaint and initial order in the above captioned matter at (insert address): _____

_____

_____

_____        _____   _____
*Signature*                        *Relationship to Defendant/Authority*   *Date of Signature*
                                   *to Receive Service*

Para pedir una traducción, llame al (202) 879-4828      如需翻译,请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction
Đẻ có một bản dịch, hãy gọi (202) 879-4828       የአማርኛ ትርጉም ከፈለጉ በ (202) 879-4828 ይደውሉ      번역을 원하시면, (202) 879-4828 로 전화주십시요



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Kirsten Weiss
_____
Plaintiff

vs.                                                            **2015 CA 002404 B**

                                                    Case Number _____

Christie Walser
_____
Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Brendan Klaproth, Klaproth Law PLLC
_____
Name of Plaintiff's Attorney                                 *Clerk of the Court*

406 5th Street NW, Suite 350
_____                    By _____
Address                                                              Deputy Clerk
Washington, DC 20001
_____                    04/06/2015

202-618-2344
_____                    Date _____
Telephone
如需翻译,请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요.      የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ።

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                                                    CASUM.doc





**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
DIVISIÓN CIVIL
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Teléfono: (202) 879-1133

Kirsten Weiss

_____
Demandante

contra

Christie Walser                                    Número de Caso: _____

_____
Demandado

### CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

Brendan Klaproth, Klaproth Law PLLC                    *SECRETARIO DEL TRIBUNAL*
Nombre del abogado del Demandante

406 5th Street NW, Suite 350                    Por: _____
_____                                    Subsecretario
Dirección
Washington, DC 20001

202-618-2344                                    Fecha _____
_____
Teléfono

如需翻译,请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828로 전화주십시요        የአማርኛ ቢፈልጉ ለማስተርጎም (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO.*

Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CASUM.doc



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

KIRSTEN WEISS
    Vs.                            C.A. No.      2015 CA 002404 B
PROJECT CREATE et al

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once,** with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to: Judge ROBERT D OKUN
Date: __April 7, 2015__
Initial Conference: 9:30 am, Friday, July 10, 2015
Location: Courtroom A-50
         515 5th Street N.W.

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc

# Exhibit 2

**IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**Civil Division**

|  |  |
|---|---|
| KIRSTEN WEISS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | )   Civil Action No. 2015-CA-002404B |
| PROJECT CREATE | ) |
| *et al.*, | ) |
| | ) |
| Defendants. | ) |

**NOTICE OF FILING OF NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that Defendants Project Create, Christie Walser, and Kira Marchenese filed a Notice of Removal pursuant to 28 U.S.C. § 1446 in the office of the Clerk of the United States District Court for the District of Columbia on May 5, 2015.  A copy of the Notice is attached as Exhibit A.

Respectfully submitted,

**JACKSON LEWIS P.C.**

May 5, 2015                          By:_____

John M. Remy (D.C. Bar No. 15512)
10701 Parkridge Boulevard
Suite 300
Reston, VA  20191
(703) 483-8300 – Phone
(703) 483-8301 – Fax
remyj@jacksonlewis.com

*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on May 5, 2015, a true and accurate copy of the foregoing *Notice of Filing of Notice of Removal* was served by U.S. mail, postage prepaid, upon the following:

        Brendan Klaproth
        Klaproth Law PLLC
        406 5th Street NW
        Suite 350
        Washington, D.C. 20001
        (202) 618-2344 (Telephone)
        Bklaproth@klaprothlaw.com

        *Attorney for Plaintiff*

By:_____
        John M. Remy (D.C. Bar No. 15512)
        10701 Parkridge Boulevard
        Suite 300
        Reston, VA 20191
        (703) 483-8300 – Phone
        (703) 483-8301 -- Fax
        remyj@jacksonlewis.com

        *Attorney for Defendants*